UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Johnny Prescott & Son Oil
Company, Inc.</u>

   v.                                    Civil No. 13-cv-437-LM
                                        Opinion No. 2014 DNH 127
<u>Rymes Heating Oils, Inc.</u>


**O R D E R**

Johnny Prescott & Son Oil Company, Inc. ("Prescott") brings this suit against Rymes Heating Oils, Inc. ("Rymes"). Prescott seeks damages for violations of the New Hampshire Consumer Protection Act ("CPA"), N.H. Rev. Stat. Ann. ("RSA") § 358-A (Count I), illegal restraint of trade under RSA § 356:2 (Count II), illegal monopoly under RSA § 356:3 (Count III), discriminatory pricing under the Clayton Act, 15 U.S.C. § 13 (Count IV), and illegal underselling under the Clayton Act, 15 U.S.C. § 13a (Count V). Rymes moves to dismiss Prescott's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

**Standard of Review**

To survive scrutiny under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247 (1st Cir.

2012) (internal quotation marks omitted).  When assessing a complaint under Rule 12(b)(6), the court must "accept[] as true all well-pled facts in the complaint and draw[] all reasonable inferences in favor of [the] plaintiff[]."  Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011).  However, "some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'"  Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 n.5 (2007)).

## Background

The facts in this section are drawn from the complaint.  See Butler v. Balolia, 736 F.3d 609, 611 (1st Cir. 2013).

Prescott is a New Hampshire heating fuel distributor. Prescott purchases fuel from third party wholesalers and both sells fuel directly to customers and distributes fuel to smaller, local distributors.  This practice is known as "through-putting."  One of Prescott's through-putting buyers is Davis Fuels of Epsom, Inc. ("Davis").

On approximately July 30, 2013, Tom Prescott, Prescott's president, spoke with John Rymes, Rymes's vice-president. During the conversation, Mr. Rymes told Mr. Prescott that he had

2

heard there was "a new competitor in Epsom." Compl. (doc. no. 1) 2 ¶ 9.  Mr. Prescott explained that Davis was entering the propane business.  Mr. Rymes expressed dismay at hearing this news because Davis had taken one of Rymes's customers.  Mr. Rymes also asked where Davis was getting his propane.  Mr. Prescott responded that Davis would be buying it from Prescott.  Mr. Rymes allegedly replied "game on Tom, I will be selling heating oil in the Concord-Bow area for cost so you won't make any money this year."  Compl. (doc. no. 1) 3 ¶ 13.

On approximately August 10, 2013, Rymes began advertising heating oil at $2.99 per gallon cash price and $3.07 per gallon pre-buy price.  Prescott alleges that this price was "approximately 50 cents below [the price of] any other distributors and below cost for dealers such as Prescott and Davis.  Compl. (doc. no. 1) 3 ¶ 14.  Based on Rymes's alleged actions, Prescott brought the present suit.

## Discussion

The court addresses the counts out of order, beginning with the federal claims in Counts IV and V of the complaint.

A. <u>Count IV: Discriminatory Pricing (Clayton Act)</u>

In this Count, Prescott alleges that Rymes's oil pricing violates the Clayton Act, 15 U.S.C. § 13.  Although not entirely

clear from the complaint, it appears that Prescott is alleging that Rymes violated 15 U.S.C. § 13(a). As such, the court will treat this count as a claim under 15 U.S.C. § 13(a).[1] This statute, in pertinent part, reads as follows:

> It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly, to discriminate in price between different purchasers of commodities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them: *Provided*, That nothing herein contained shall prevent differentials which make only due allowance for differences in the cost of manufacture, sale, or delivery resulting from the differing methods or quantities in which such commodities are to such purchasers sold or delivered[.]

15 U.S.C. § 13(a)

"[T]here are two prerequisites to recovery under 15 U.S.C. § 13(a)." Bridges v. MacLean-Stevens Studios, Inc., 201 F.3d 6, 13 (1st Cir. 2000). "First, the prices complained of must be below an appropriate measure of the defendant's costs." Id.

---

[1] In its Memorandum of Law in Support of Plaintiff's Objection to Defendant's Motion to Dismiss (doc. no. 10-1) 13, Prescott refers to this count more specifically as "Discriminatory Pricing (15 USC § 3(a))."

This means the defendant must sell at a loss.  "Second, the defendant must have a reasonable prospect of recouping its investment in below-cost prices."  Id. (citation omitted).  This means the defendant is likely to recover its immediate losses.

Prescott's complaint fails to allege sufficient facts under either prong.  First, even giving Prescott's complaint a broad reading, nowhere does it allege that Rymes's prices fell below an appropriate measure of Rymes's costs.  The closest Prescott gets is the allegation that Mr. Rymes intended to sell "heating oil in the Concord-Bow area for cost."  Compl. (doc. no. 1) 3 ¶ 13 (emphasis added).  To sell at cost, as opposed to below cost, however, does not violate 15 U.S.C. § 13(a).  Similarly, at other points in the complaint, Prescott alleges that Rymes advertised oil at a price below that of other businesses, but does not assert that Rymes advertised prices below an appropriate measure of Rymes's own cost.  See Compl. (doc. no. 1) 3 ¶ 14.  Likewise, the allegation that "Rymes' pricing . . . is below some appropriate measure of cost[,]"  Compl. (doc. no. 1) 4 ¶ 21, is a "legal conclusion couched as [fact]."  Twombly, 550 U.S. at 555.  In short, at no point in the complaint does Prescott specifically allege that Rymes sold its product below an appropriate measure of its own cost.  This failure is fatal to Prescott's claim.

Prescott's failure to meet prong one under Bridges is a sufficient basis to dismiss Count IV.  However, Prescott's complaint also fails to meet the second requirement of Bridges.  At no point in the complaint does Prescott allege any facts that plausibly show Rymes has a reasonable prospect of recouping monies it has lost through below-cost pricing.  Cf. Bridges, 201 F.3d at 13 (affirming summary judgment for plaintiff due to lack of evidence on the recoupment element of statute); see also Bailey v. Allgas, Inc., 284 F.3d 1237, 1239, 1244-1245, 1257-58 (11th Cir. 2002) (same).

In sum, Prescott's complaint falls well short of alleging the facts necessary to state the elements of a claim under 15 U.S.C. § 13(a).  Accordingly, Count IV is dismissed.

    B. Count V: Illegal Underselling (Clayton Act)

In this count, Prescott alleges that Rymes has sold and/or contracted to sell goods in the United States at prices lower than those sold elsewhere for the purpose of destroying competition or eliminating a competitor.  To support this allegation, Prescott relies on 15 U.S.C. § 13a, i.e., Section 3 of the Robinson-Patman Act.  However, the Supreme Court has made clear that Section 3 of the Robinson-Patman Act is not part of the Clayton Act and does not permit a private cause of action.

See Nashville Milk Co. v. Carnation Co., 355 U.S. 373, 376, 382 (1958). As such, Count V is also dismissed.[2]

### C. Counts I-III: State Law Claims

As the court has now dismissed the federal causes of action in Counts IV and V, all the remaining claims in this case are based on state law. These counts were originally before the court on supplemental jurisdiction. "As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). While, "[i]n an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims[,] . . . the exercise of supplemental jurisdiction in such circumstances is wholly discretionary." Id. (citations omitted). The court finds no reason to retain jurisdiction over the state law claims in this case. Accordingly, the state law claims in Counts I-III are

---

[2]Rymes appears to treat both Count IV and Count V as claims made under 15 U.S.C. § 13(a). To the extent that Prescott is attempting to bring Count V under 15 U.S.C. § 13(a), Count V would fail to state a claim under 15 U.S.C. § 13(a) for the same reasons Count IV failed.

dismissed. Because no counts remain, the court dismisses Prescott's complaint.

## Conclusion

In sum, the court dismisses the federal claims in Counts IV and V for failure to state a claim upon which relief can be granted. Because the court declines to exercise jurisdiction over Prescott's remaining state law claims, the court dismisses them as well. The entirety of Prescott's complaint is therefore dismissed. Document no. 9 is granted; document no. 13 is denied as moot. The clerk is directed to close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 6, 2014

cc:  Biron L. Bedard, Esq.
     Courtney H. G. Herz, Esq.
     Robert H. Miller, Esq.